IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ERIC DARRON BUTLER,

        Plaintiff,
vs.                                 **Case No. 09-4089-RDR**

FARMERS ALLIANCE INSURANCE
COMPANY, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant Farmers Alliance Mutual Insurance Company's (Farmers) motion to dismiss.[1] Farmers seeks dismissal for several reasons, including lack of subject matter jurisdiction. Having carefully reviewed the motion, the court is now prepared to rule.[2]

Plaintiff, proceeding pro se, filed a complaint on June 18, 2009. He subsequently filed an amended complaint on August 17, 2009. In his amended complaint, plaintiff alleges that defendant Maxine Carson, a notary public insured and bonded by defendant

---

[1] There are a number of other pending motions including plaintiff's motion for summary judgment, plaintiff's motion for immediate possession, plaintiff's motion for order to release documents, plaintiff's motion to amend, and defendant Watson's motion to dismiss. For the reasons stated in this opinion, the other motions shall be denied as moot.

[2] The court is aware that the time period for Farmers to file a reply has not yet expired. However, for the reasons stated in this opinion, the court does not find it necessary to consider a reply.

Farmers, fraudulently notarized his signature.

In its motion to dismiss, Farmers contends that (1) the court lacks subject matter jurisdiction; and (2) plaintiff's complaint fails to state a claim upon which relief can be granted.

The court shall first turn to Farmers' argument that the court lacks subject matter jurisdiction.  Under Fed.R.Civ.P. 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.  The determination of subject matter jurisdiction is a threshold question of law.  <u>Madsen v. United States ex. rel. United States Army Corps of Engineers</u>, 841 F.2d 1011, 1012 (10th Cir. 1987).  "[T]he party invoking federal jurisdiction bears the burden of proof."  <u>Marcus v. Kansas Dept. of Revenue</u>, 170 F.3d 1305, 1309 (10th Cir. 1999).

Because plaintiff is a <u>pro se</u> litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.  <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173 (10th Cir. 1997).  However, federal courts are courts of limited jurisdiction.  <u>United States ex rel. Grynberg v. Praxair, Inc.</u>, 389 F.3d 1038, 1048 (10th Cir. 2004).  Therefore, plaintiff must show that a statutory basis for federal court jurisdiction exists before his case can be heard in federal court.  <u>Tsegay v. Ashcroft</u>, 386 F.3d 1347, 1353 (10th Cir. 2004).

In considering this motion, the court notes immediately that plaintiff has failed to allege any basis for jurisdiction in his

amended complaint. He has failed to assert any basis for federal question jurisdiction. He has stated that his cause of action is based on K.S.A. §§ 53-113 and 50-1199. He has also indicated that all parties to this action are citizens of Kansas. In response to Farmers' motion, plaintiff fails to counter the argument that diversity jurisdiction was lacking here. Rather, plaintiff argued only that "this courts scope of review is unlimited in this matte (sic)." Plaintiff fails to understand, as explained previously, that the jurisdiction of federal courts is limited. The circumstances here clearly demonstrate that the court lacks subject matter jurisdiction. There is no assertion that this cause of action is between citizens of different states, as required for diversity jurisdiction under 28 U.S.C. § 1332, because plaintiff asserts that both he and the defendants are citizens of Kansas. Moreover, plaintiff has not asserted any claims arising under the Constitution, federal laws or treaties of the United States as required for federal question jurisdiction under 28 U.S.C. § 1331. With this decision, the court need not consider Farmers' argument that the plaintiff's complaint fails to state a claim upon which relief can be granted.

    The court is aware that plaintiff currently has a motion to amend his complaint on file. In this motion, plaintiff seeks only to add some additional allegations concerning his claim and to indicate that his cause of action is brought pursuant to K.S.A. §

53-119, not K.S.A. §§ 53-113 and 50-1199 as set forth in his amended complaint.  Any decision on this motion has no impact on this opinion because plaintiff fails to offer any additional relevant jurisdictional facts in the proposed amended complaint. Accordingly, the court shall at this time dismiss this action for lack of subject matter jurisdiction.

Recently, plaintiff filed a motion to remand this action to state court.  This case did not originate in state court. Therefore, the court may not remand the matter to state court.  See 28 U.S.C. §§ 1447, 1448 (failing to provide for remand of complaints originally filed in district court); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988); First National Bank of Pulaski v. Curry, 301 F.3d 456, 467-68 (6th Cir. 2002). Accordingly, this motion must be denied.

**IT IS THEREFORE ORDERED** that defendant Farmers Alliance Insurance Company's motion to dismiss (Doc. # 17) be hereby granted.  Plaintiff's amended complaint is hereby dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the following pending motions be hereby denied as moot:  (1) plaintiff's motion for order for immediate possession (Doc. # 7); (2) defendant Watson's motion to dismiss (Doc. # 9); (3) plaintiff's motion for summary judgment (Doc. # 19); (4) plaintiff's motion for order to release documents (Doc. # 20); and (5) plaintiff's motion to amend complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand to state court (Doc. # 26) be hereby denied.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2009 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge